# In the United States Court of Federal Claims

No. 22-1562C

(Filed: November 21, 2022)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **STRATEGIC ALLIANCE SOLUTIONS LLC,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant,* | ) ) |
| and | ) ) |
| **DEFENSE INTEGRATED SOLUTIONS, LLC,** | ) ) ) ) |
| *Defendant-Intervenor.* | ) ) ) |

*Meghan F. Leemon*, PilieroMazza PLLC, Washington, D.C., for Plaintiff.  Of counsel were *Jonathan T. Williams*, *Katherine B. Burrows*, *Peter B. Ford*, and *Eric A. Valle*.

*Bryan M. Byrd*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.  With him on the motion were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *William J. Grimaldi*, Assistant Director.

*Matthew T. Schoonover*, Schoonover & Moriarty LLC, Olathe, KS, for Defendant-Intervenor.  Of counsel were *Emily J. Chancey*, *W. Brad English*, *Joshua B. Duvall*, and *Jeffrey M. Lowry*, Maynard, Cooper & Gale, P.C., Huntsville, AL.

**REMAND ORDER**

*SOLOMSON*, **Judge.**

On October 20, 2022, Plaintiff, Strategic Alliance Solutions LLC ("SAS"), filed a complaint against Defendant, the United States, pursuant to 28 U.S.C. § 1491(b), challenging the September 22, 2022, decision of the Small Business Administration ("SBA") Office of Hearings and Appeals ("OHA"). ECF No. 1. OHA had concluded that SAS is not an eligible service-disabled veteran-owned small business concern ("SDVO SBC") under Solicitation No. HQ0858-21-R-0010 issued by the Missile Defense Agency of the United States Department of Defense. *Id.*

On October 21, 2022, Defendant-Intervenor, Defense Integrated Solutions, LLC ("DIS"), filed an unopposed motion to intervene pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC"), ECF No. 11, which this Court granted. On October 25, 2022, the Court held a preliminary status conference, *see* ECF No. 17, to discuss a schedule for further proceedings. During the status conference, the government indicated that it was actively considering a motion to voluntarily remand this case to the SBA and that the government had initiated discussions with the other parties regarding such a motion. Accordingly, on October 26, 2022, the Court ordered the parties to meet-and-confer and to file on or before November 1, 2022, a joint motion to voluntarily remand the case, a joint status report that proposed a schedule for resolving the case on the merits, or other filings if the government sought to file an opposed motion to remand the case. ECF No. 25.

On October 31, 2022, the parties filed a joint status report indicating that parties were engaged in ongoing discussions to "possibly . . . resolv[e] this matter through a stipulated judgment." ECF No. 26 at 1–2. Accordingly, on November 1, 2022, the Court directed the parties to continue their negotiations and to file, on or before November 10, 2022: (1) a joint stipulation for judgment; (2) a joint status report that details the parties' progress toward a stipulated settlement; or (3) one of the filings specified in this Court's October 26, 2022, order. ECF No. 27 at 2.

On November 10, 2022, SAS and the government, over the objection of DIS, filed a joint stipulation for entry of final judgment. ECF No. 29. Specifically, "[t]o fully resolve the complaint of [SAS]," the government and SAS sought to have this Court: (1) set aside the September 22, 2022, decision of OHA; and (2) "direct[] OHA to issue a new decision . . . that grants SAS's appeal of the . . . status determination and finds that SAS is an eligible SDVO SBC joint venture under the solicitation" at issue. *Id.* at 1–2. DIS opposed the other parties' request in their joint stipulation. ECF No. 30. DIS asserted, among other arguments, that the parties may not request, and the Court may not enter, a joint stipulation "agree[ing] that a lower decision was wrong and effectively reverse that decision without making the required showing under the [Administrative Procedures

Act ('APA')]." *Id.* at 2–3.  DIS maintained that as a party that intervened as of right on the side of the defendant, DIS may defend OHA's decision even if the government will not. *Id.* at 3.  The parties requested that this Court convene a status conference to discuss the parties' respective positions.  ECF No. 29 at 1 n.1; ECF No. 30 at 4.

In accordance with the parties' request, this Court held a status conference on November 14, 2022.  *See* ECF No. 31.  After considering the parties' arguments, the Court ordered the parties to meet-and-confer regarding whether to file a joint motion for remand to the SBA pursuant to RCFC 52.2.  ECF No. 33.  Alternatively, if the parties could not reach an agreement to remand, the Court ordered:  (1) SAS and the government to file (jointly or independently) motion(s) for entry of judgment pursuant to their November 10, 2022, joint stipulation, ECF No. 29, and in response to DIS's opposition to such a judgment, ECF No. 30; and (2) DIS should file a response to the other parties' motion(s).  ECF No. 33 at 2.

On November 18, 2022, the government filed a consent motion for a voluntary remand.[1]  ECF No. 34.  In the consent motion, the government proposes remanding this case to OHA to reconsider the challenged OHA decision.  *Id.* at 1. The Court commends the parties on their work to reach what appears to be a sensible agreement that conserves judicial resources. The Court, thus, adopts the government's proposed remand instructions in full, *see id.* at 8, as follows:

1. OHA shall reconsider its September 22, 2022, decision and issue a new decision.

2. OHA's reconsideration shall be limited to OHA's conclusion that Section 5.4.6 of SAS's joint venture and operating agreement (the "SAS JVOA") runs afoul of 3 C.F.R. § 125.18(b)(2)(ii)(A) and shall leave intact its determination that the SBA Deputy Director for the Office of Government Contracting and Business Development ("DD/GC") had erred with regard to each of the other conclusions upon which the DD/GC had determined that SAS was not an eligible SDVO SBC joint venture for the solicitation at issue.

3. OHA, in reconsidering its decision, may:

    (a) Reopen the record for the limited purpose of reconsidering whether Section 5.4.6 of the SAS JVOA is permissible under 13 C.F.R. § 125.18(b)(2)(ii)(A), considering the government's position (developed in consultation with SBA) that "Section 5.4.6 is permissible under 13 C.F.R. § 125.18(b)(2)(ii)(A) and that SAS is an eligible SDVO SBC joint venture for the solicitation" at

---

[1] The government asserts that it filed a consent motion rather than a joint motion "because the other parties are unable to request a voluntary remand."  ECF No. 34 at 1 n.1 (citing *Keltner v. United States*, 148 Fed. Cl. 552, 557 (2020)).

      issue, ECF No. 29 at 2, and potential comments by SBA and supplemental briefs by SAS and DIS;

(b) Invite the SBA to comment on how 13 C.F.R. § 125.18(b)(2)(ii)(A) should be interpreted and applied to Section 5.4.6 of the SAS JVOA, particularly given that the government (in consultation with SBA) has agreed with SAS that "Section 5.4.6 is permissible under 13 C.F.R. § 125.18(b)(2)(ii)(A) and that SAS is an eligible SDVO SBC joint venture for the solicitation" at issue, ECF No. 29 at 2; and

(c) Permit SAS and DIS to file supplemental briefs on that topic, with an opportunity for SAS and DIS to respond to SBA's comments (if filed) and to each other's briefs.

Accordingly, pursuant to RCFC 52.2, the Court hereby **GRANTS** the government's consent motion for a voluntary remand. The Court further **STAYS** and **REMANDS** this case to OHA for further proceedings consistent with the remand instructions detailed above. OHA shall render the new decision on or before **Friday, January 13, 2023**. Following OHA's new decision, the parties shall meet-and-confer concerning whether further litigation is necessary and shall file a joint status report on or before **Friday, January 20, 2023**, detailing the parties' respective positions and, if necessary, proposing dates for further briefing.

Notwithstanding RCFC 52.2(b)(2), the Clerk of the Court need not serve this opinion and order; rather, counsel for the United States is directed to provide a copy of this opinion and order to the cognizant contracting officer at the Missile Defense Agency and counsel for the SBA, which shall constitute service pursuant to that rule.

      **IT IS SO ORDERED**.

                                                    <u>s/Matthew H. Solomson</u>
                                                    Matthew H. Solomson
                                                    Judge